**In re PARAMOUNT PUBLIX CORPORATION.**

District Court, S. D. New York.
Dec. 10, 1934.

See, also (D. C.) 10 F. Supp. 504.

Root, Clark, Buckner & Ballantine, for trustees.

GODDARD, District Judge.

This estate consists of a vast organization composed of some four hundred corporations engaged in every phase of the motion picture industry. It has been ably and successfully administered by the trustees and by counsel.

■ Section 77B of the Bankruptcy Act (11 USCA § 207), in my opinion, does not enlarge the fees which may be granted to such trustees in bankruptcy under section 48 of the act (11 USCA § 76).

The value of the services rendered by the respective trustees seem to justify an equal division among them of the fees allowable. Their fees are fixed at $32,500 each.

■■ The general counsel to the trustees, with a large staff of attorneys associated with them, have rendered extensive services as the record shows. The full value of these services can best be determined when these various proceedings are concluded and the benefits obtained for the creditors and security holders are known. However, in the meanwhile, counsel are now entitled to receive a reasonable amount on account. In determining the amount of their fees, it should be recognized that counsel, as well as the trustees, are acting in a semi-public capacity. I believe that a fair interim allowance to the firm of Root, Clark, Buckner & Ballantine, counsel to the trustees, is $175,000 and is so fixed with their disbursements of $3,771.59.

The maximum rates of compensation required by the several accounting firms and accountants are higher than the court should or need pay, particularly under the prevailing conditions. The services rendered by Barrow, Wade, Guthrie & Co. were not contingent upon the outcome, and the allowance to them should be final. It is fixed at $14,000 with disbursements of $708.

Except as herein amended, the report of the referee is confirmed.